UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**MARCUS DEWAYNE SMALLWOOD**     CIVIL ACTION NO. 20-0921

                                 SECTION P

**VS.**

                                 JUDGE S. MAURICE HICKS, JR.

**BOSSIER PARISH SHERIFF'S DEPT., ET AL.**     MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Plaintiff Marcus Dewayne Smallwood, a prisoner at Claiborne Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately July 21, 2020, under 42 U.S.C. § 1983. He names the following defendants: Bossier Parish Sheriff Juliun Wittington in his official capacity and District Attorney Skyler Marvin in his official capacity.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that he was arrested on March 12, 2020, in Bossier Parish, under two fugitive warrants, for violating his parole and for failing to register as a sex offender in Bossier Parish. [doc. #s 1, p. 3; 7, p. 1]. On March 16, 2020, he pled guilty to violating the terms of his parole. *Id.* at 14, 17.

Plaintiff claims that defendants have not presented him for arraignment on the failure-to-register-as-a-sex-offender charge. *Id.* He maintains that, under LA. CODE CRIM. PROC. art. 230.1(A), he should have been arraigned before 7:00 p.m. on March 15, 2020. [doc. #s 1, p. 14; 7, p. 2]. The Bossier Parish Sheriff's Department informed him that he has a pending detainer

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

for the charge; however, the 26th Judicial District Court and the Bossier Parish District Attorney's Office informed him, following his application for a writ of habeas corpus and motion to quash, that there are no charges pending against him. *Id.* at 3, 5.

Plaintiff alleges that he "was not provided with a Bill of Information nor was he indicted on these charges." [doc. # 7, p. 2]. He claims that because he lacked a bill of information or indictment, "he was detracted from properly filing for a fast and speedy trial." *Id.* He adds that defendants failed to timely charge him with a crime. *Id.*

Plaintiff seeks $100,000.00 for his pain, suffering, defamation, slander, and lost wages. [doc. # 1, pp. 4, 6]. He also asks the Court to declare that defendants violated his constitutional rights, to dismiss his failure-to-register charge, to "lift" his warrant, to "relieve" him of his parole violation and parole, and to grant other relief the Court deems necessary. [doc. #s 1, pp. 4, 6; 7, p. 3].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of

3

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions."  *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Habeas Corpus Relief**

Plaintiff seeks release from custody pertaining to his parole violation.  This relief is unavailable through a civil rights action. See *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  "A habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  The Court should dismiss this request for relief.

Plaintiff also asks the Court to dismiss his pending failure-to-register charge. Although he filed this action under 42 U.S.C. § 1983, he challenges the very fact and duration of his physical imprisonment. Plaintiff should, *after he exhausts his state court remedies* at all levels of state court, pursue his request for release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See *Preiser*, 411 U.S. at 93; *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, the Court should deny Plaintiff's request.

The undersigned again cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[3] Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*, 401 U.S. 37 (1971), or *Dickerson*, 816 F.2d at 225, if he asks the Court to interfere with his ongoing criminal prosecution.[4] See *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1

---

[3] See also *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[4] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted). Under *Dickerson*, "federal courts should abstain . . . if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

(5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

**3. Official Capacity Claims**

Plaintiff seeks relief from District Attorney Skyler Marvin and Bossier Parish Sheriff Juliun Wittington in their official capacities only. Plaintiff does not, however, plausibly allege that defendants implemented an unconstitutional policy that caused his injuries.

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

"[I]n a suit against a district attorney in his official capacity under § 1983[,] . . . a victory for the plaintiff imposes liability on the district attorney's office as an independent local entity." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470-71 (5th Cir. 1999). "For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities." *Id.*

"Claims against the Sheriff in his official capacity are treated as claims against the municipal entity he represents." *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012). In Louisiana, "the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility . . . ." *Id.* The sheriff is "a virtually autonomous local government official . . . ." *Id.*

"[M]unicipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Burge*, 187 F.3d at 471 (quoting *Monell*,

6

436 U.S. at 691 (internal citation omitted)).

Here, Plaintiff's claims against defendants in their official capacities appear entirely premised on vicarious liability. Plaintiff does not allege: that this is the rare circumstance in which a final policymaker performed the specific act that violated his constitutional rights; that the presence (or absence) of a policy, pattern, practice, custom, or procedure violated, or caused a violation of, his constitutional rights; or that the need to take action to control the agents of the local governmental entity is so obvious that the final policymaker can reasonably be said to have been deliberately indifferent.[5]

The Court should dismiss these claims.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Marcus Dewayne Smallwood's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[5] See *Burge*, 187 F.3d at 471; see also *Howell v. Town of Ball*, 827 F.3d 515, 527 (5th Cir. 2016); *Yates v. Unidentified Parties*, 73 F. App'x 19, 20 (5th Cir. 2003) ("Yates's complaint amounts to no more than an isolated incident, which will not trigger official liability on Sheriff Strain's part.").

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 1st day of September, 2020.

Karen L. Hayes
United States Magistrate Judge